Eastern District of Kentucky
F I L E D

OCT 2 0 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-268-GWU

PEGGY WALKER,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

### INTRODUCTION

The above-styled action is an appeal from an unfavorable administrative decision on the plaintiff's claim for Supplemental Security Income under the Social Security Act. The Secretary has moved to dismiss the action, on the ground that this appeal to the federal courts was not filed within the requisite sixty-day period required by 42 U.S.C. Section 405(g).

### APPLICABLE LAW

An applicant for Social Security disability benefits must file a civil action in the district court within sixty days after the decision denying benefits is mailed to him as per Section 405(g). The Commissioner has interpreted "mailing" as the date of the claimant's receipt of the decision and, according to 20 C.F.R. Section 422.210(e), the date of receipt is presumed to be five days after the notice's date, unless the applicant makes a "reasonable showing" to the contrary.

In the absence of arguments alleging an erroneous calculation of the sixty-day period, a plaintiff must contend that a motion to dismiss should be denied because "equitable circumstances" exist to toll the limitations period.

1

In <u>Bowen v. City of New York</u>, 476 U.S. 467 (1986), it was determined that the sixty-day period could be tolled by equitable considerations. <u>Bowen</u>, 476 U.S. at 480. Such circumstances, described by the Court in a footnote, could include illness, accident, destruction of records, mistake or a claimant's misunderstanding of the appeals process. <u>Id</u>. at n. 12.

Courts have found "equitable circumstances" which could justify the tolling of the appeal period in Social Security cases to include situations:

(1)     Where a <u>clandestine</u> agency policy or procedure has a direct impact on the appeal procedure, or the ability to make a meaningful decision to appeal, to the federal courts--e.g., <u>Bowen v. City of New York</u>, 476 U.S. at 481; <u>Bailey v. Sullivan</u>, 906 F.2d 910 (2nd Cir. 1990);

(2)     Where confusion over the status of a claim or the appeal procedure itself, on the part of either a claimant or his representative, is reasonably traceable to some affirmative misconduct (or omission in the fact of a direct, diligent inquiry regarding appeal) on the part of the agency or its representatives--e.g., <u>Vernon v. Heckler</u>, 811 F.2d 1274, 1278 (9th Cir. 1987); <u>Aschettino v. Sullivan</u>, 724 F. Supp. 1116 (W.D. N.Y. 1989); or

(3)     In the case of a claimant unaccompanied by counsel, where there exists a mental impairment of sufficient magnitude to cast doubt on his ability to understand the appeals process--e.g., <u>Canales v. Sullivan</u>, 936 F.2d 755 (2nd Cir. 1991).

In any of these instances, the shorter the time lapse and the more diligent the conduct on the part of the claimant or his attorney, the more easily a court may find justification for the tolling.

The Sixth Circuit Court of Appeals has identified several specific instances of what justify tolling the limitations period under Section 405. In the case of <u>Day v. Shalala</u>, 23 F.3d 1052 (6th Cir. 1994), the Sixth Circuit merely held that a particular

2

unpublished--but not clandestine or secretive--policy would not present an instance of equitable tolling.[1]

## DISCUSSION

As per the Plaintiff's Response to the Commissioner's Motion to Dismiss and the Notice of Filing Affidavit in Support of Plaintiff's Response to the Commissioner's Motion to Dismiss, the plaintiff argues that the calculation period urged by the defendant is erroneous in that the Appeals Council notice was received well beyond the five day mailing period. There is no affidavit or statement directly from the plaintiff concerning when the actual receipt of the Notice was; there is only the affidavit of the non-attorney representative who appeared for her at the agency level and who admitted that she had no actual record of when the exhibit was actually received, but only indicated what her "usual practice" of processing such Notices was. As noted in Reed v. Barnhart, 2005 W.L. 757862 (D. Me 2005):

> Courts have differed on the question whether [even] affidavits from the claimant and his or her representative stating a date of receipt beyond the five days presumed by the regulation are sufficient to overcome the presumption. Compare Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997) (claimant's sworn word that he did not receive notice insufficient to rebut presumption); Roberts v. Shalala, 848 F.Supp. 1008, 1015-17 (M.D.Ga.1994) (affidavit of attorney's receptionist insufficient); Leslie v. Bowen, 695 F.Supp. 504, 506 (D.Kan.1988) (claimant's affidavit insufficient); Solberg v. Secretary of Dep't of Health & Human Servs., 583 F.Supp. 1095, 1098 (E.D.Wis.1984) (statements of claimant and father insufficient); Rouse v. Harris, 482 F.Supp. 766, 768-69 (D.N.J.1980) (plaintiff's assertion insufficient),

---

[1]A series of unpublished opinions have furnished further guidelines from the Sixth Circuit. E.g., the simple negligence of a prior attorney does not provide equitable circumstances. Harveston v. Commissioner, 2000 W.L. 554087 (6th Cir. 2000).

with Bartolomie v. Heckler, 597 F.Supp. 1113, 1116 (N.D.N.Y.1984) (fact that lawyer did not receive notice sufficient to rebut presumption).

Thus, the lone affidavit was insufficient.

Certainly, the statement that the date of the Notice faxed from the non-attorney representative to an attorney "appeared" to be April 30th is not sufficient; while the Court concedes the faxed copy's date was somewhat indistinct, it could just as easily be read as March 30th. The Agency Exhibit's Notice copy is clear that March 30th was the date.

Turning to the issue of equitable estoppel, there has been no allegation of agency misconduct or clandestine agency policy or procedure which is implicated.

As the problem with the statute of limitations is not apparent on the face of the complaint, the undersigned will consider the motion converted into a motion for summary judgment, which will be granted.

This the _____20_____ day of October, 2006.


G. WIX UNTHANK,
SENIOR JUDGE

4